**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Michael Anthony Darby, | ) | Cr. No. 5:07-1253-MBS-1 |
| | ) | |
| Movant, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Michael Anthony Darby ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant filed the within § 2255 motion on July 18, 2012. ECF No. 294. On September 14, 2012, Respondent United States of America (the "Government") filed a response and a motion for summary judgment. ECF Nos. 303 & 304. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on September 17, 2012, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 307. Movant filed a reply to the Government's response on November 26, 2012. ECF No. 312. On June 27, 2014, the court issued an Order and Opinion granting the Government's motion except as to Movant's first ground for relief, relating to a claim of ineffective assistance of counsel during plea bargaining, which issue the court held in abeyance pending an evidentiary hearing. ECF No. 325.

**I. FACTUAL BACKGROUND AND EVIDENTIARY HEARING**

A complete recitation of the underlying facts of this case can be found in the court's June 27, 2014 Order. With respect to Movant's first ground for relief, Movant asserts that trial counsel was ineffective for failing to advise him that the Government had made various plea offers.

1

The Government filed a superseding indictment on December 19, 2007. ECF No. 52. The superseding indictment charged that between 2003 and 2007, Movant participated in a conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 ("Count 1"); and that on December 1, 2006, Movant possessed with intent to distribute and did distribute five (5) grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 ("Count 2"). The superseding indictment further charged Movant with possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B) and 841(b)(1)(c) ("Count 3"); and a count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count 4"). Movant was convicted after trial.

Movant contends that his trial counsel never explained "the effects of any plea offer" and "[t]here was never any written communication from defense counsel to [Movant] - concerning the plea offer." ECF No. 294-1 at 3-5. Instead, Movant contends that trial counsel "advised [Movant] that he only faced a ten year maximum if he goes to trial, and that there was no way possible that [Movant] could receive a higher sentence." *Id.* at 4.

In response, the Government provided an affidavit in which trial counsel averred that on September 11, 2008, he wrote Movant "confirming a telephone conversation wherein [he] advised [Movant] of a plea offer by the Government, the 15 year mandatory minimum sentence [Movant] faced in connection with that plea, as well as the suggestion by the Government that with [Movant's] continued cooperation [Movant] could receive a sentence below 10 years." ECF No. 303-1 at 1. Trial counsel also provided a copy of the letter in which he detailed this information surrounding

2

Movant's plea options. *Id.* at 5. Trial counsel further attested in his affidavit that on November 26, 2008, he advised Movant of a second plea offer which would have allowed Movant to plea to a lesser included charge which carried a sentence of ten years, but Movant refused to meet with trial counsel because "[Movant] would not accept a plea that would subject him to more than five years in prison." *Id.* at 2. Finally, trial counsel averred that Movant rejected a five year plea deal just before trial which rested on Movant pleading guilty to the § 924(c) charge of possessing firearms in furtherance of a drug trafficking crime. *Id.* at 3.

Movant, however, provided a declaration in which he states that "[he] never received the September 11, 2008 letter, nor did [he] and [trial counsel] discuss the real difference between a plea and a trial as [trial counsel] has crafted in the September 11, 2008 letter." ECF No. 312-2. Movant's declaration also states that "[if trial counsel] would have demonstrated to Me [sic] that I would receive more than 10 years upon jury verdict, I would not have proceeded to trial." *Id.* Finally, Movant suggests in his declaration that he never rejected, and perhaps never received, the five year plea offer. *Id.*

Based on the pleadings, the court found that "genuine issues of material fact exist as to whether trial counsel was ineffective for failing to adequately inform [Movant] during the plea negotiation process." ECF No. 325 at 17. The court, therefore, held an evidentiary hearing on November 20, 2014, in accordance with Rule 8 of the Rules Governing § 2255 Proceedings with respect to Movant's first claimed ground for relief. ECF No. 340. Movant was represented by court-appointed counsel. *See* ECF No. 332.

At the evidentiary hearing, the Government called three witnesses: an Assistant Federal Public Defender who served as Movant's first attorney, Movant's trial counsel, and an attorney who

never represented Movant but who briefly discussed Movant's case with trial counsel. The first witness, Movant's original attorney, testified that she met with Movant on multiple occasions and explained the maximum penalties for the charges he was facing, that she engaged in plea negotiations with the Government, and that she conveyed a 15 year plea offer to Movant, which he rejected. She further testified that her notes in Movant's file included a summary of the drug weights involved in Movant's case for the purposes of determining relevant conduct for sentencing. She did not, however, have any specific recollection that she discussed relevant conduct and its sentencing implications with Movant.

Trial counsel testified that he conveyed the ten year and the five year plea offers to Movant and that he also explained to Movant his likely Sentencing Guidelines range, which included a discussion of relevant conduct. The Government introduced into evidence trial counsel's September 11, 2008 letter to Movant (Gov't Ex. 2), the draft of a letter which may or may not have been sent to Movant dated November 26, 2008 (Gov't Ex. 5), and copies of trial counsel's notes to file in Movant's case (Gov't Exs. 3 and 4). These documents recapitulate meetings and telephone calls between trial counsel and Movant. The draft letter of November 26, 2008 "confirm[s]" Movant and trial counsel's "telephone conversations of earlier today" and includes a detailed analysis of the likely Guidelines range in Movant's case. Gov't Ex. 5. A note to file, dated December 15, 2008, before Movant's trial noted that "in discussing the plea offer, I explained to [Movant]" various sentencing scenarios, which included Guidelines ranges of 292-365 months imprisonment and 235-293 months imprisonment with 60 months imprisonment to run consecutively depending on the outcome of Movant's two trials. Gov't Ex. 3. The Government's third and final witness testified that Movant's trial counsel remarked just before Movant's trial that he had secured a favorable five-

year plea offer for Movant, but that Movant had rejected it.

Movant testified that he understood that the maximum sentence he might receive was life imprisonment. Movant further testified that each of the Government's three plea offers, carrying sentences of 15, 10, and 5 years imprisonment, respectively, were communicated to him. Further, contrary to his affidavit, Movant admitted that he did, in fact, receive trial counsel's letter to him of September 11, 2008. Gov't Ex. 2. Movant admitted for the first time at the evidentiary hearing that the guns found in his home were possessed in furtherance of a drug trafficking crime. This admission is at odds with Movant's sworn statement in his affidavit that he possessed the guns merely for recreational purposes. ECF No. 294-3 at 1. Movant admitted that he lied in his affidavit.

## II. LEGAL STANDARD

To prove ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. A defendant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, i.e., that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. *Strickland* requires a defendant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694.

In *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court reiterated that a defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. More specifically, where the prejudice alleged is standing trial instead of accepting a plea, *Lafler* recognized that the following elements must be shown in order to sustain an ineffective assistance of counsel claim: (1) a movant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that movant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances); (2) that the court would have accepted its terms; and (3) that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. *Lafler*, 132 S. Ct. at 1385.

### III. DISCUSSION

On the record before it, the court cannot conclude that Movant's counsel was ineffective during the plea bargaining process. Movant here wants "the best of both worlds: the chance at acquittal at trial, yet the chance to plead guilty if the trial defense fails." *United States v. Day*, 969 F.2d 39, 46 n.9 (3d Cir. 1992).

Movant must credibly demonstrate that he held an intention to plead guilty. *See Merzbacher v. Shearin*, 706 F.3d 356, 367 (4th Cir. 2013) ("But it is entirely clear that to demonstrate a reasonable probability that he would have accepted a plea, a petitioner's testimony that he would have done so must be credible."); *see also Hernandez Portillo v. United States*, No. 1:07-CR-00081-GBL, 2014 WL 3615815, at *19 (E.D. Va. July 17, 2014). The court finds that Movant was advised by counsel of the various plea offers made by the Government and also understood that the maximum penalty he might face if convicted at trial was life imprisonment. Movant was presented

6

with and refused to accept three separate plea offers, including one which would have allowed Movant to plead only to the § 924(c) charge and which carried a likely sentence of only five years. Movant refused to accept these plea offers despite knowing that the sentence he could receive if convicted at trial could be as severe as life imprisonment.

Further, Movant admitted for the first time only at the evidentiary hearing that he was, in fact, guilty of the § 924(c) charge. Movant failed to show that he was prepared to admit guilt to the § 924(c) charge as part of a plea bargain but was prevented from doing so because of the ineffective advice of his counsel. Movant's testimony that he would have accepted the five-year plea is a "self-serving assertion . . . 'subject to heavy skepticism.'" *Merzbacher*, 706 F.3d at 367 (quoting *Merzbacher v. Shearin*, 732 F. Supp. 2d 527, 554 (D. Md. 2010)). The court finds Movant's testimony is not credible. Movant failed to demonstrate ineffective assistance of counsel during the plea bargaining process under the *Lafler* elements.

## IV. OTHER MOTIONS

In addition to his § 2255 motion and its remedies with respect to sentencing, Movant also filed a motion to reinstate his initial plea (ECF No. 302) and a motion for summary reversal and remand with instructions (ECF No. 307), in which he asks the court to order the Government to re-offer the plea proposal, to conduct a change of plea hearing, and to hold a new sentencing. The court's order of June 27, 2014, indicated that the court would address these motions in conjunction with the underlying claim of ineffective assistance of counsel. ECF No. 325 at 23 n.1. With respect to the first of these additional motions, Movant's original plea was not guilty, and he never at any point pleaded guilty. Therefore, the court cannot grant a motion to reinstate the initial plea as it was never changed. With regard to the second motion, although a procedure such as suggested by

7

Movant may be appropriate in some circumstances, *see Lafler*, 132 S. Ct. at 1389, it cannot be followed where, as here, no ineffective assistance of counsel has been shown.

## V. CONCLUSION

For the foregoing reasons, Movant's § 2255 motion (ECF No. 294), motion to reinstate the initial plea (ECF No. 302), and motion for summary reversal and to remand with instructions (ECF No. 307) are **denied**.

### Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

> s/ Margaret B. Seymour
> Margaret B. Seymour
> Senior United States District Judge

Columbia, South Carolina
December 10, 2014

8