IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| United States of America | ) | |
|---|---|---|
| | ) | Cr. No. 5:07-1253 |
| vs. | ) | |
| | ) | |
| Michael Anthony Darby, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 19, 2008, a jury found Defendant Michael Anthony Darby guilty of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); and possession with intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 (Count 2). The jury attributed to Defendant 500 grams or more of cocaine and 50 grams or more of cocaine base.

A presentence investigation report ("PSR") was prepared that attributed to Defendant 200 kilograms of cocaine and 5 kilograms of cocaine base. Defendant had zero criminal history points, for a criminal history category of I. The United States Probation Officer (USPO) grouped Counts 1 and 2 and established a base offense level of 38. Defendant received a 2-level increase for possession of a dangerous weapon, for a total offense level of 40. Defendant's statutory sentence for Count 1 under 21 U.S.C. § 841(b)(1)(A) was 10 years to life in prison. His statutory sentence for Count 2 under 21 U.S.C. § 841(b)(1)(B) was not less than 5 years nor more than 40 years. Defendant's sentencing guidelines range was 292 to 365 months.

On January 4, 2010, Defendant was sentenced to incarceration for a period of 292 months as to each of Counts 1 and 2, to be served concurrently, to be followed by a term of supervised

release for 5 years as to Count 1 and 4 years as to Count 2, to run concurrently. Judgment was entered on January 11, 2010. On November 24, 2015, an amended judgment was entered reducing Defendant's sentence pursuant to Amendment 782 to the United States Sentencing Guidelines to 235 months as to Counts 1 and 2, to be served concurrently, effective November 1, 2015.

Defendant pleaded guilty in a separate case, United States v. Goodwin, Cr. No. 5:10-184, to conspiracy to make false statements in the acquisition of firearms, in violation of 18 U.S.C. § 371. On June 22, 2011, Defendant was sentenced to imprisonment for a period of 60 months, consisting of 48 months plus 12 months to be served consecutively. The court ordered 30 months of the sentence to run concurrently with the undischarged term of imprisonment imposed in the within case, Cr. No. 5:07-1253, to be followed by a term of supervised release for 3 years, to be served concurrently with the term imposed in Cr. No. 5:07-1253. Defendant has been incarcerated since December 19, 2008. Defendant's current release date is January 29, 2028.

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Pursuant to § 841(b)(1)(B), a conviction for in excess of 28 grams, but less than 280 grams, of cocaine base is subject to a sentence of not less than 5 years and not more than 40 years imprisonment, to be followed by a term of supervised release of not less than 4 years.

On July 9, 2019, Defendant, through counsel, filed a motion to reduce sentence under the First Step Act. The court denied Defendant's motion in part but granted the motion to reduce Defendant's term of supervised release to four years. Defendant appealed. On March 24, 2021, the Court of Appeals for the Fourth Circuit remanded the case in light of United States v. McDonald,

2

986 F.3d 402 (4th Cir. 2021), and United States v. Chambers, 986 F.3d 667 (4th Cir. 2020). Defendant, through counsel, filed a supplemental motion to reduce sentence on May 13, 2021. The government filed a response in opposition on May 27, 2021, to which Defendant filed a reply on June 3, 2021.

DISCUSSION

Although Defendant's mandatory statutory sentence would be reduced if Defendant were sentenced under current law, his guidelines sentencing range has not changed. Defendant argues, however, that the court should take the 18 U.S.C. § 3553(a) factors and his post-sentencing rehabilitation into consideration when determining whether his 235 month sentence is fully in accordance with the purposes of the First Step Act. In United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence. Further, in United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases, and that a court may vary from the guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence. Id.

Turning to the § 3553(a) factors, Defendant concedes that the conduct for which he was indicted was serious and warranted a significant sentence. Defendant has provided the court with education data that shows Defendant earned his GED while incarcerated and has taken a number of education courses during his imprisonment. Defendant appears to have strong family support, as shown by correspondence from family members. According to the government, Defendant has committed only one minor disciplinary infraction while serving his sentence. Defendant also asserts that Defendant's age – 48 – militates in his favor because of a diminished risk for recidivism.

CONCLUSION

The court has taken into account the § 3553(a) factors, particularly the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need to avoid unwarranted sentence disparities. The court notes that Defendant has served approximately 150 months of his 235-month concurrent sentences, or approximately 65 percent of his concurrent sentences. Further, Defendant still is subject to the 30-month consecutive sentence imposed in Cr. No. 5:10-184. The court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served as to Counts 1 and 2, to run concurrently, to be followed by a term of supervised release for 4 years as to each of Counts 1 and 2, to run concurrently. All other provisions of the judgment entered January 11, 2010 remain in effect. The court's order does not affect the 30-month consecutive sentence Defendant has yet to serve in Cr. No. 5:10-184.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 1, 2021